IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **TERRY JAMES LEE,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:20-cv-00558 |
| | ) | Judge Trauger |
| **STATE OF TENNESSEE, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Terry James Lee, an inmate formerly in pretrial detention at the Williamson County Jail in Franklin, Tennessee,[1] has filed a pro se civil rights complaint under 42 U.S.C. § 1983 (Doc. No. 1) and an application for leave to proceed in forma pauperis (IFP), without prepaying fees or costs. (Doc. No. 2.)

The case is before the court for a ruling on the IFP application and for an initial review pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

**I. Application to Proceed IFP**

Under the PLRA, 28 U.S.C. § 1915(a), a prisoner bringing a civil action may apply for permission to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). Because it is apparent from the plaintiff's IFP application that he lacks the funds to pay the entire filing fee in advance, his application (Doc. No. 2) is **GRANTED**.

---

[1] It appears that the plaintiff is now in the custody of the Tennessee Department of Correction (TDOC). The TDOC website's Felony Offender Information service, https://apps.tn.gov/foil-app/search.jsp, reveals a recent booking photograph for Terry Lee, born August 7, 1967, and incarcerated at Bledsoe County Correctional Complex. *See id.* (last visited January 26, 2020). That birthdate matches the plaintiff's, as reflected in an addendum to his complaint. (*See* Doc. No. 1-1 at 7.)

**II. Initial Review of the Complaint**

    **A. PLRA Screening Standard**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any IFP complaint that is facially frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Similarly, Section 1915A provides that the court shall conduct an initial review of any prisoner complaint against a governmental entity, officer, or employee, and shall dismiss the complaint or any portion thereof if the defects listed in Section 1915(e)(2)(B) are identified. Under both statutes, this initial review of whether the complaint states a claim upon which relief may be granted asks whether it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Applying this standard, the court must view the complaint in the light most favorable to the plaintiff and, again, must take all well-pleaded factual allegations as true. *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). Furthermore, pro se pleadings must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, pro se litigants are not exempt from the requirements of the Federal Rules of Civil Procedure, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989), nor can the court "create a claim

which [a plaintiff] has not spelled out in his pleading." *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)).

**B. Section 1983 Standard**

The plaintiff seeks to vindicate alleged violations of his federal constitutional rights under 42 U.S.C. § 1983. Section 1983 creates a cause of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a Section 1983 claim, the plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution or laws of the United States, and (2) that the deprivation was caused by a person acting under color of state law. *Carl v. Muskegon Cnty.*, 763 F.3d 592, 595 (6th Cir. 2014).

**C. Analysis**

The plaintiff sues the State of Tennessee and Assistant District Attorney General Kim Helper for holding him against his will while the state charges against him were "[held] up in grand jury." (Doc. No. 1 at 4.) At the time he filed his complaint, the plaintiff had allegedly been held in jail as a pretrial detainee for over two years. (*Id.* at 4–5.) Attached to the complaint are copies of a pro se motion the plaintiff filed in state court asserting his speedy trial rights (Doc. No. 1-1 at 5–6), and correspondence with that court indicating that he was attempting to represent himself because of difficulties he was having with appointed defense counsel. (*Id.* at 2, 4.) The only relief the plaintiff seeks from this court under Section 1983 is an order that he be released from the Williamson County Jail. (Doc. No. 1 at 5.)

3

However, the plaintiff's challenge to the validity of his confinement is within the sole province of habeas corpus; his release from custody is not properly sought under Section 1983. *Muhammad v. Close*, 540 U.S. 749, 750 (2004). Even if the complaint were liberally construed as a petition for habeas relief under 28 U.S.C. § 2241 to vindicate the plaintiff's speedy trial rights, the court would have to abstain from considering his request for release because of his failure to show that all available state procedures to redress the claimed speedy trial violation have been exhausted, and that the resulting prejudice to his defense could not be resolved at trial. *See Abernathy v. U.S. Marshal Serv.*, No. 2:08-CV-14663, 2008 WL 4858442, at *1 (E.D. Mich. Nov. 10, 2008) ("[A]lthough 28 U.S.C. § 2241 establishes federal court jurisdiction to consider pretrial habeas petitions, courts abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits or by other available state procedures.") (citing *Atkins v. People of the State of Michigan*, 644 F.2d 543, 546 (6th Cir. 1981)). It is only in such extraordinary circumstances—where there is a threat of irreparable injury that is both "great and immediate," *Younger v. Harris*, 401 U.S. 37, 45–46 (1971)—that federal intrusion into ongoing state criminal proceedings may be warranted. *Atkins*, 644 F.2d at 546. No such extraordinary circumstances are apparent from the plaintiff's complaint and the attachments thereto.

Finally, any claim to enjoin or terminate the plaintiff's pretrial detention would be rendered moot by his apparent conviction and sentence to state custody.

Accordingly, the plaintiff's challenge to his pretrial detention—whether considered under Section 1983 as filed, or liberally construed under Section 2241—cannot be adjudicated in this court and will therefore be dismissed.

**III. Conclusion**

For the reasons stated above, the plaintiff's application to proceed IFP (Doc. No. 2) is **GRANTED** and this action is **DISMISSED WITHOUT PREJUDICE**.

It is so **ORDERED**.

Aleta A. Trauger
United States District Judge